UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

|  |  |
|---|---|
| In Re:<br><br>201 FOREST STREET, LLC,<br>219 FOREST STREET LLC,<br><br>          Debtors.<br><br>219 FOREST STREET LLC,<br>219 FOREST STREET REALTY TRUST,<br>201 FOREST STREET LLC, and<br>201 FOREST STREET REALTY TRUST,<br><br>          Plaintiffs,<br><br>v.<br><br>LBM FINANCIAL, LLC,<br>MARCELLO MALLEGNI and<br>WOLFPEN FINANCIAL, LLC,<br><br>          Defendants. | Chapter 11<br>Case Nos.   07-42296-JBR<br>                     07-41768-JBR<br>Jointly Administered<br><br><br><br><br><br><br><br>Adv. Pro. No. 07-04097 |

## VERIFIED JOINT STATEMENT IN RESPONSE TO JUNE 30, 2009 ORDER

219 Forest Street, LLC ("219 Forest") and 201 Forest Street, LLC ("201 Forest" and together with 219 Forest the "Debtors"), the debtors and debtors-in-possession in the above captioned bankruptcy proceedings, submit this joint statement in response to the order entered on June 30, 2009 (the "June Order")[Adv. Proc. 07-04097 Docket No. 186] in the above captioned adversary proceeding. The June Order, among other things, instructed the Debtors to file responses to certain provisions of the June Order, as set forth below.[1]

---

[1] Capitalized terms not otherwise defined in this statement shall have the meanings ascribed to them in the Order.

1

1. <u>Paragraph 1 of the June Order</u>. Paragraph 1 of the June Order provides as follows:

> 1. With respect to **Count I**: Judgment for Plaintiff, 219 Forest Street LLC ("219 Forest") as follows:
>
> A. The default interest charged in connection with the December Note is DISALLOWED.
>
> B. The late fees for the December Note are reduced from 10% to 5%.
>
> C. The Plaintiff 219 Forest is to file a statement jointly with 201 Forest detailing the recalculation of the amounts to be credited to the Plaintiffs with respect to the December Note within 30 days of the date of this order. The Defendants shall have 14 days after the recalculation pleading is filed to respond.

<u>Debtor's response No. 1</u>: Attached as Exhibit A is a recalculation, in accordance with the June Order, of the amounts to be credited to the Plaintiffs with respect to the December Note. The Debtors recalculations show that 219 Forest owed LBM Financial, LLC ("LBM") principal, contract interest and late fees on the December Note aggregating $2,898,158.15 as of September 18, 2007, against which the $2,746,379.96 was paid and should be credited, leaving a balance on account of the December Note of $151,778.19 (the "December Note Balance").

2. <u>Paragraph 2 of the June Order</u>. Paragraph 2 of the June Order provides as follows:

> 2. With respect to **Count II**: Judgment for the Defendants with respect to the issue of the extension of the December Note. The Plaintiffs are to recalculate the amount with respect to the December Note in accordance with the provisions of this Order.

<u>Debtors' Response No. 2</u>: As set forth in the Debtors' Response No. 1, attached as Exhibit A is a recalculation of the December Note Balance.

2

      3.      <u>Paragraph 3 of the June Order</u>. Paragraph 3 of the June Order provides as follows:

> 3.      With respect to **Count III**: Judgment for the Plaintiff 219 Forest as follows:
>
> A.      The default interest charged in connection with the March Note is DISALLOWED.
>
> B.      The late fees for the March Note are reduced from 10% to 5%.
>
> C.      The Plaintiff 219 Forest is to file a statement detailing the recalculation of the amounts to be credited to the Plaintiff with respect to the March Note within 30 days of the date of this order. The Defendants shall have 14 days after the recalculation pleading is filed to respond.

<u>Debtors' Response No. 3</u>: Attached as Exhibit B is a recalculation, in accordance with the June Order, of the amounts to be credited to the Plaintiffs with respect to the March Note. The Debtors recalculations show that the Debtors do not owe LBM anything on account of the March Note

      4.      <u>Paragraph 4 of the June Order</u>. Paragraph 4 of the June Order provides as follows:

> 4.      With respect to **Count IV**: Judgment for Plaintiff 219 Forest as follows:
>
> A.      $32,459.11 is to be reapplied to the March Note as of June 17, 2002, with principal and interest (at the non-default rate) payments recalculated to reflect the reapplication.
>
> B.      The Plaintiff 219 Forest is to file a statement detailing the recalculation of the amounts to be credited to the Plaintiffs in light of the above within 30 days of the date of this order. The Defendants shall have 14 days after the recalculation pleading is filed to respond.

<u>Debtors' Response No. 4</u>: As is set forth in Debtors' Response No. 3 and on Exhibit B, nothing is owed on account of the March Note.

3

     5.    <u>Paragraph 6 of the June Order</u>. Paragraph 6 of the June Order provides as follows:

> 6.    With respect to **Count VI**: Judgment for Plaintiff 219 Forest against Defendant LBM as follows:
>
> A.    Treble damages in the amount of $1,101,619.14 plus three times the amount of interest that accrued on the March Note as a result of the misapplication of the $32,459.11 payment. The Plaintiffs shall submit a calculation of additional interest that accrued on the March Note as a result of the misapplication of the $32,459.11 payment within 30 days of this Order. *See* footnote 38 in Memorandum of Decision. The Defendants shall have 14 days to respond.
>
> B.    Reasonable costs and attorney's fees for prosecuting the Chapter 93A claim. Plaintiff 219 Forest is to file an application for compensation in accordance with the MLBR 2016 within 30 days of the date of this Order. The Defendants shall have 14 days from the filing of the application in which to file an objection.

<u>Debtors' Response No. 5(A)</u>: Attached as Exhibit C is a calculation of the amount of interest that accrued on the March Note as a result of the misapplication of the $32,459.11 payment. The Debtors calculation shows that the interest accrued on the March Note as a result of the misapplication of the $32,459.11 payment totals $182,329.67 (the "Misapplication Interest").

<u>Debtors' Response No. 5(B)</u>: The Debtors' attorneys' fees and costs associated with the prosecution of the 93A claim between the filing of their bankruptcy cases and October 31, 2007, total $82,092.50, which fees and expenses were included in the *First Interim Application For Compensation And Reimbursement of Expenses by Hanify & King, Professional Corporation, Counsel to The Debtors* (the "First Fee Application")[Docket No. 132]. The First Fee Application was allowed by the Court, on an interim basis, on February 21, 2008. *See* Docket No. 140. Contemporaneously with the filing of this verified statement, the Debtors have filed the *Verified Application For Compensation And Reimbursement of Expenses by Hanify & King, Professional Corporation, in Connection With Prosecution of Adversary Proceeding 07-04097* (the "93A

4

Application") with respect to the costs and attorney's fees for prosecuting the Chapter 93A claim between November 1, 2008 and June 30, 2009. The costs and attorney's fees for prosecuting the Chapter 93A claim between November 1, 2008 and June 30, 2009 total $495,637. The aggregate amount of the Debtors' attorneys fees and costs for prosecuting the 93A Claim, inclusive of the amounts in the First Fee Application and the 93A Application, is $577,729.50 (the "93A Attorneys' Fees and Costs").[2]

6. <u>Paragraph 8 of the June Order</u>. Paragraph 8 of the June Order provides as follows:

> 8. With respect to **Count IX**: Judgment for Plaintiff 201 Forest as follows: A.. The default interest charged with respect to the December Note is DISALLOWED.
>
> A. The late fees for the December Note are reduced from 10% to 5%.
>
> B. The Plaintiff 201 Forest is to file a statement jointly with Plaintiff 219 Forest detailing the recalculation of the amounts to be credited to the Plaintiffs with respect to the December Note in light of the above within 30 days of the date of this Order. The Defendants shall have 14 days after the recalculation pleading is filed to respond.

<u>Debtors' Response No. 6</u>: As set forth in the Debtors' Response No. 1, attached as Exhibit A is a recalculation of the December Note Balance.

7. <u>Paragraph 9 of the June Order</u>. Paragraph 9 of the June Order provides as follows:

> 9. With respect to **Count X**: Judgment for 201 Forest against LBM as follows:
>
> A. Three times the cost and fees of 201 Forest Street LLC's chapter 11 proceedings through June 30, 2009. 201 Forest Street shall file a statement of costs and fees within 30 days of the date of this Order. The Defendants shall have 14 days from the filing of the application in which to file an objection.

---

[2] The Debtors reserve the right to seek additional costs and fees associated with the collection of their Chapter 93A claims against LBM and Mallegni.

5

  B. Reasonable costs and attorney's fees for prosecuting the Chapter 93A claim. 201 Forest is to file an application for compensation in accordance with the MLBR 2016 within 30 days of the date of this Order. The Defendant shall have 14 days within which to file an objection.

<u>Debtors' Response No. 7(A)</u>: Attached as Exhibit D is a statement of the cost and fees of 201 Forest's Chapter 11 proceedings through June 30, 2009 (the "201 Chapter 11 Costs").[3] The 201 Chapter 11 Costs total $328,104.20 and consist of (i) U.S. Trustee fees of $20,850, (ii) a $20,000 extension fee paid to ING USA Annuity and Life Insurance Company ("ING")[4] to extend the maturity date of its pre-petition note with 201 Forest, (iii) ING's professional fees and costs, totaling $100,824.74, assessed against 201 Forest pursuant to Section 506 of the Bankruptcy Code, and (iv) 201 Forest's legal fees and expenses totaling $186,429.46 through June 30, 2009.[5]

  i. <u>ING's Fees And Expenses</u>. On October 24, 2007, counsel for ING filed the *First And Final Application by Secured Creditor ING For Payment of Attorneys' Fees And Costs From The Fee Escrow Held by Debtors' Counsel* (the "ING Fee Application") seeking the allowance and payment of professional fees incurred by ING in 201 Forest's bankruptcy proceeding. *See* Docket No. 116. On November 30, 2007, the Court allowed the ING Fee Application in part. *See* Docket No. 131. Exhibit D details both the amounts assessed against 201 Forest in the ING Fee Application and the amounts assessed against 201 Forest by ING after the ING Fee Application.

  ii. <u>The First Fee Application</u>. The First Fee Application was a joint fee application by the Debtors. Where possible, Hanify & King, P.C. ("H&K") allocated professional fees between the two Debtors. Certain legal fees were not allocable between the two Debtors because the

---

[3] 201 Forest reserves the right to recover from LBM and/or Mallegni any additional costs and fees associated with its Chapter 11 bankruptcy proceeding.

[4] ING is the successor to ninety-five percent (95%) of the interest originally held by the Liberty Life Insurance Company f/k/a Business Men's Assurance Company of America ("Liberty") pursuant to its financing arrangements with the Debtor. The remaining five percent (5%) continues to be held by Liberty. For the purposes of this motion, Liberty and ING are collectively referred to as "ING."

[5] Inclusive of 201 Forest's professional fees in the First Fee Application.

professional services benefitted both Debtors. Two of the joint categories were "Services Related to the Sale of the 219 Property", with professional fees totaling $91,610.50, and "Services Related to the Plan and Disclosure Statement" with professional fees totaling $18,609.50.[6] For the reasons set forth below, the allocation of these legal fees equally between the Debtors is warranted.

Until the June Order, LBM asserted secured claims against both Debtors. The sale of 219 Forest's property (the "219 Property") implicated and effected both of the Debtors' bankruptcy estates because it reduced the amount owed to LBM. Moreover, the buyer of the 219 Property required a land swap between the Debtors in order to meet zoning requirements. The Debtors filed a joint plan and disclosure statement because of their joint obligations. For the purposes of calculating the cost and fees of 201 Forest's Chapter 11 proceedings pursuant to the June Order, the Debtors have allocated one-half of the professional fees associated with each of the foregoing joint categories in the First Fee Application to 201 Forest. The amount allocated to 201 Forest on account of "Services Related to the Sale of the 219 Property" is therefore $45,805.25 (one-half of $91,610.50), and the amount allocated to 201 Forest on account of "Services Related to the Plan and Disclosure Statement" is therefore $9,304.75 (one-half of $18,609.50). The Debtors' allocation of these fees is warranted.

Debtors' Response No. 7(B): As set forth In Debtors' Response No. 5(B), contemporaneously with the filing of this verified statement the Debtors have filed the 93A Application seeking the 93A Attorneys' Fees and Costs.

---

[6] The third joint category in the First Fee Application was for professional fees associated with prosecuting the Debtors' litigation against LBM and Marcello Mallegni ("Mallegni"), and is included with the 93A Application as part of the Debtors' costs and attorney's fees for prosecuting the Chapter 93A claim.

7

8.  Paragraph 11 of the June Order. Paragraph 11 of the June Order provides as follows:

> 11.  With respect to **Count XII**:
>
> (I)  Judgment for 219 Forest against Mallegni as follows:
>
>   A.  Treble damages in the amount of $1,101,619.14 plus three times the amount of interest that accrued on the March Note as a result of the misapplication of the $32,459.11 payment. The Plaintiffs shall submit a calculation of additional interest that accrued on the March Note as a result of the misapplication of the $32,459.11 payment within 30 days of this Order. *See* footnote 38 in Memorandum of Decision. The Defendants shall have 14 days to respond.
>
>   B.  Reasonable costs and attorney's fees for prosecuting the Chapter 93A claim. 219 Forest Street is to file an application for compensation in accordance with the MLBR 2016 within 30 days of the date of this Order. The Defendant shall have 14 days within which to file an objection.
>
> (II) Judgment for 201 Forest against Mallegni as follows:
>
>   A.  Three times the cost and fees of 201 Forest's chapter 11 proceedings through June 30, 2009.
>
>   B.  Reasonable costs and attorney's fees for prosecuting the Chapter 93A claim. 219 Forest Street is to file an application for compensation in accordance with the MLBR 2016 within 30 days of the date of this Order. The Defendant shall have 14 days within which to file an objection.

Debtors' Response No. 8(I)(A): As set forth in Debtors' Response No. 5(A), attached as Exhibit C is a calculation of the Misapplication Interest.

Debtors' Response No. 8(I)(B): As set forth In Debtors' Response No. 5(B), contemporaneously with the filing of this verified statement the Debtors have filed the 93A Application seeking the 93A Attorneys' Fees and Costs.

Debtors' Response No. 8(II)(A): As is set forth in Debtors' Response No. 7(A), attached

8

as Exhibit D is a statement of the 201 Chapter 11 Costs.

<u>Debtors' Response No. 8(I)(B)</u>: As set forth In Debtors' Response No. 5(B), contemporaneously with the filing of this verified statement the Debtors have filed the 93A Application seeking the 93A Attorneys' Fees and Costs.

## AMOUNT OF JUDGMENTS

9. The Debtors calculate that, exclusive of pre and post-judgment interest and any additional attorneys' fees and costs to which the Debtors are entitled, the judgments in favor of the Debtors should be as follows:

**219 Forest Judgment v. LBM**

| | | |
|---|---|---|
| Count VI | | |
|   Treble Damages | $ | 1,101,619.14 |
|   Plus 3x Misapplication Interest | $ | 546,989.01 |
|   93A Attorneys' Fees and Costs | $ | 577,729.50 |
| Count XI | $ | 10,000.00 |
| | | |
| 219 Forest Judgment v. LBM | $ | 2,236,337.65 |

**201 Forest Judgment v. LBM**

| | | |
|---|---|---|
| Count X | | |
|   3x the 201 Chapter 11 Costs | $ | 984,312.60 |
|   93A Attorneys' Fees and Costs | $ | 577,729.50 |
| | | |
| 201 Forest Judgment v. LBM | $ | 1,562,042.10 |

**219 Forest Judgment v. Mallegni**

| | | |
|---|---|---|
| Count XI | $ | 32,459.11 |
| | | |
| Count XII | | |
|   Treble Damages | $ | 1,101,619.14 |
|   Plus 3x Misapplication Interest | $ | 546,989.01 |
|   93A Attorneys' Fees and Costs | $ | 577,729.50 |
| | | |
| 219 Forest Judgment v. Mallegni | $ | 2,258,796.76 |

**201 Forest Judgment v. Mallegni**

Count XII
    3x the 201 Chapter 11 Costs      $      984,312.60
    93A Attorneys' Fees and Costs      $      577,729.50

201 Forest Judgment v. Mallegni      $      1,562,042.10

### DISGORGEMENT

10. On August 31, 2007, the Debtors filed a joint motion to effectuate a land swap between the Debtors and then sell the reconstituted parcel of real estate to Fore Kicks II, Inc. (the "Sale") for the sum of $2,300,000. LBM objected to the Sale.

11. The Debtors negotiated a resolution of LBM's objection to the Sale. The resolution was memorialized in a *Stipulation by And Among 219 Forest Street, LLC, 201 Forest Street, LLC and LBM Financial, LLC Concerning Sale of Real Estate* (the "LBM Stipulation")[Docket No. 100]. Pursuant to the LBM Stipulation, LBM would receive certain of the proceeds of the Sale, to be applied on account of LBM's disputed claims pending the resolution of those claims. The LBM Stipulation further provided that:

> In the event that the Bankruptcy Court determines that LBM's allowed claims are less than the Net Sale Proceeds, LBM shall, within ten (10) days of the entry of the Bankruptcy Court's order, disgorge by paying to 219 Forest the amount by which the Net Sale Proceeds exceed the amount of LBM's allowed claims against 219 Forest.

*See* LBM Stipulation, ¶ 3.

12. On September 12, 2007, the Court entered an order (the "Sale Order")[Docket no. 101] that approved both the Sale and the LBM Stipulation. The Sale Order provides, among other things, that: "[t]he Assumption and Sale Motion is granted and the LBM Stipulation is approved as an order of this Court." *See* Sale Order, ¶ 1.

13. Following the closing of the Sale, 219 Forest paid LBM $2,147,827.78 from the

10

proceeds of the Sale.

14.    Based on the June Order, LBM's claims against 219 Forest totaled $2,299,605.97, consisting of $2,138,420.15 due on the December Note and $161,185.82 due on the March Note. Based on the June Order and as detailed above, 219 Forest is entitled to a judgment against LBM in the amount of $2,236,337.65, exclusive of pre and post-judgment interest and any additional attorneys' fees and costs incurred after July 1, 2009.

15.    Massachusetts law provides for pre-judgment interest on the compensatory portion of a Chapter 93A claim. *See Mill Pond Associates, Inc. v. E & B Giftware, Inc.*, 751 F.Supp. 299 (D. Mass. 1990); *Patry v. Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 475 N.E.2d 392 (Mass. 1985).[7] Pre-judgment interest on a Chapter 93A claim is calculated from the date the action was commenced, in this case July 6, 2007, to the date of entry of judgment by this Court at a rate of twelve percent (12%) per annum. *See* M.G.L. c. 231 § 6B. "Prejudgment interest, as is well understood, compensates the prevailing party for the loss of the use of money that party, as determined by the judgment, should have had in the first place and not been obliged to chase." *Makino v. Metlife Capital Credit Corp.*, 25 Mass.App.Ct. 302, 320-21, 518 N.E.2d 519 (Mass.App.Ct. 1988).

16.    The Debtors are entitled to pre-judgment interest on their Chapter 93A claims, and such interest is particularly appropriate here, where LBM has had possession and use of more than $2.1 million of the proceeds of the Sale since September 18, 2007. Those funds would have otherwise been available for use by the Debtors.

17.    219 Forest's compensatory damages against LBM, to which pre-judgment interest would apply, consist of "the assessment of $324,747.27 of default interest during 2004, the loss

---

[7] Even though this case is in Federal court, state law applies to the issue of pre-judgment interest where the underlying claim is a state law cause of action. *See Doty v. Sewall*, 908 F.2d 1053 (1st Cir. 1990).

11

of the $10,000 deposit it made to National City in 2005, and the loss of the $32,459.11 payment and all interest that accrued thereafter." Memorandum of Decision at 58.[8] As is set forth above, the Misapplication Interest totals $182,329.67, and 219 Forest's compensatory damages therefore total $549,536.05. 219 Forest is therefore entitled to at least two (2) years of pre-judgment interest, through July 6, 2009, totaling $131,888.65 ($549,536.05 x .12 x2), bringing its judgment against LBM to at least $2,368,226.30.

18. Accordingly, LBM does not have <u>any</u> allowed claim against 219 Forest. Pursuant to the Sale Order and the LBM Stipulation, LBM is obligated, within ten (10) days of this Court's entry of judgment against LBM, to disgorge to 219 Forest the $2,147,827.78 it received from the proceeds of the Sale.

    Respectfully Submitted,

    201 FOREST STREET, LLC
    219 FOREST STREET, LLC
    By its counsel,

    <u>/s/ D. Ethan Jeffery</u>
    Harold B. Murphy (BBO #362610)
    Charles R. Bennett, Jr. (BBO #037380)
    D. Ethan Jeffery (BBO #631941)
    HANIFY & KING, P.C.
    One Beacon Street
    Boston, MA 02108-3107
    Tel: (617) 423-0400
    Fax: (617) 556-8985
    dej@hanify.com

Dated: July 30, 2009

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Robert Depietri, Jr., declare under penalty of perjury under the laws of the United States of America that: (i) Exhibit A contains a true and correct

---

[8] 201 Forest's compensatory damages consist of the Chapter 11 Costs which, as is set forth above, total $328,104.20. The Debtors entitlement to pre-judgment applies to their judgments against Mallegni as well as LBM.

recalculation, in accordance with the June Order, of the amounts credited to the Plaintiffs with respect to the December Note, (ii) Exhibit B contains a recalculation, in accordance with the June Order, of the amounts credited to the Plaintiffs with respect to the March Note, (iii) Exhibit C contains a true and correct calculation of additional interest that accrued on the March Note as a result of the misapplication of the $32,459.11 payment, and (iv) Exhibit D contains a true and correct statement of the costs and fees incurred by 201 Forest in its Chapter 11 bankruptcy proceeding.

/s/ *Robert Depietri, Jr.*
Robert Depietri, Jr.

Dated: July 30, 2009

Pursuant to 28 U.S.C. § 1746, I, D. Ethan Jeffery, declare under penalty of perjury under the laws of the United States of America that included in Exhibit D are descriptions of and the time detail with respect Hanify & King, P.C.'s professional fees provided to and expenses incurred on behalf of 201 Forest Street, LLC in its Chapter 11 bankruptcy proceeding.

/s/ *D. Ethan Jeffery*
D. Ethan Jeffery

Dated: July 30, 2009

::ODMA\PCDOCS\DOCS\535570\1