**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | CHAPTER 11 |
| 201 FOREST STREET LLC & | ) | |
| 219 FOREST STREET LLC | ) | CASE NOS. 07-42296-JBR |
| | ) | 07-41768-JBR |
| DEBTORS | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| 201 FOREST STREET LLC, | ) | |
| 201 FOREST STREET REALTY TRUST, | ) | |
| 219 FOREST STREET LLC, & | ) | |
| 219 FOREST STREET REALTY TRUST | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | AP. NO. 07-4097 |
| | ) | |
| LBM FINANCIAL LLC & | ) | |
| MARCELLO MALLEGNI, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**ORDER ON THE DEFENDANTS' MOTION FOR A NEW TRIAL PURSUANT TO
FED. R. BANKR. P. 9023**

This matter came before the Court on the Defendants' Motion for a New Trial Pursuant to B.R. 9023 [#228] and the Plaintiffs' Opposition to Defendants' Motion for New trial [# 247]. The Defendants seeks a new trial solely on the basis that exhibits offered by the Plaintiffs at trial, and agreed to by the Defendants pursuant to this Court's Pre-trial Order, were not complete as they lacked the date stamp showing that they were recorded with the appropriate registry of deeds and that such recording demonstrates notice to the world that the Plaintiffs knew or should

have known that one of the note and mortgage at issue in this case, the "Commerce Note," had been assigned to Defendant Marcello Mallegni.

## BACKGROUND

After a lengthy trial, the Court issued its Memorandum of Decision on June 30, 2009 [#185] in which it found, among other things, that Mallegni failed to disclose that he had purchased the Commerce Note prior to the Plaintiffs' execution of the December Note and guaranty. The Court stated:

> Mallegni's non-disclosure of his ownership of the Commerce Note rendered his statement that Commerce wanted to be paid incomplete and misleading. *Winter Panel Corp. v. Reichhold Chems., Inc.*, 823 F. Supp. 963, 975 (D. Mass. 1993). Although Robert knew that Mallegni had executed the repurchase agreement, he had no knowledge that Mallegni had *performed* under the agreement. *See* Tr. Nov. 5, 2008, p. 151. Robert's belief that Commerce held the Commerce Note was reasonable as Mallegni did not exercise his right under the March Agreement to receive the remaining 60% of 219 Forest. *See* Tr. Nov. 5, 2008, p. 148. Finally, there was apparently no notice to the world of Mallegni's repurchase of the Commerce Note as there was no evidence presented that any of the instruments associated with the repurchase were recorded. *See* Pls.' Agreed Exs. 23-25. Therefore, Robert had no reason to disbelieve Mallegni's representation that Commerce needed to be repaid.
>
> The Court finds that this misrepresentation caused the plaintiffs to "act differently from the way [they] otherwise would have acted," *Lowell Gas Co.*, 377 Mass. at 51, because the evidence demonstrated that 219 Forest had no plans to refinance the Commerce Note with LBM prior to Mallegni's misrepresentation. In fact, 219 Forest had sought to refinance its loans with lenders other than LBM on at least two other occasions. *See supra* Sections I. G., I. K. Although the Court does not need to find that Mallegni intended to deceive 219 Forest into refinancing with LBM, *see, e.g.*, *Aspinall v. Phillip Morris Cos., Inc.*, 442 Mass. 381, 394 (2004), the Court infers that Mallegni acted with such intent given the lender-friendly terms of the December Note, as contrasted with the much more borrower-friendly Commerce Note held by Mallegni. *See supra* Section II. D. 1. Simply put, Mallegni lied to 219 Forest, an entity in which he had an ownership interest, and 201 Forest in order to vastly benefit his lending entity, LBM, and himself personally.
>
> The Court realizes that this misrepresentation was made outside the four-year

2

statute of limitations, but 219 Forest was not aware of the fact that Mallegni had purchased the Commerce Note until one week before trial.  *See* Tr., Nov. 5, 2008, p. 151; Tr., Nov. 7, 2008, pp. 30-31.  Moreover, there was no evidence that 219 Forest should have known that Mallegni repurchased the Commerce Note particularly since Mallegni did not exercise his bargained for right to receive the remaining 60% of 219 Forest.  As such, the statute of limitations was tolled by the discovery rule.  *See Lambert v. Fleet Nat'l. Bank*, 865 N.E.2d 1091, 1097 (Mass. 2007) ("A four-year statute of limitations applies to G.L. c. 93A claims. . . . Under the 'discovery rule,' this limitations period is subject to tolling until the plaintiff knew or should have known of the alleged injury."); *see also John Beaudette, Inc. v. Sentry Ins. A Mut. Co.*, 94 F. Supp.2d 77, 109-10 (D. Mass. 1999).  Although the Court believes that it was grossly underhanded for Mallegni to have made this misrepresentation designed to lure 219 Forest into signing the December Note as part of his overarching goal of usurping 219 Forest's decision making process, 219 Forest did not show how it was actually damaged by it.  *See, e.g.*, *McKernan v. Burek*, 118 F. Supp.2d 119 (D. Mass. 2000) ("for false . . . statements to be actionable under [93A], they must cause a loss to the plaintiff.").

The Defendants now seek to introduce new, albeit not newly discovered, evidence showing that Trial Exhibits 23, 24, and 25, which show the assignment of the mortgage securing the Commerce Note to Mallegni, were actually recorded on December 31, 2002, which the Court notes is after the making of the December Note.

The June 30, 2009 order [# 186] accompanying the Memorandum of Decision required the Plaintiffs to file certain damages calculations, including attorneys' fees and expenses. Following the entry of the June 30, 2009 order, the Defendants filed a motion [#193] seeking either confirmation From the Court that the June 30, 2009 orders were interlocutory or an essentially open-ended period in which to file a notice of appeal.  The Court allowed an extension of time to July 30, 2009 to file an appeal in the event the Defendants determined that such an appeal was necessary and on July 30, 2009, they filed a Notice of Appeal [#203] and elected to proceed in the district court.  Following the Plaintiffs' submissions of the damage calculations and the Defendants' response thereto, the Court entered final orders on August 21,

2009 [# 223]. On August 31, 2009 the Defendants filed the following pleadings: a notice of appeal [# 225] filed at 3:39 P.M.; an election to appeal to the district court [# 226] filed at 4:22 P.M.; the Motion for New Trail [# 228] filed at 5:15 P. M.; the Affidavit of Philip E. Coppinger [#229] filed at 5:41 P.M.; and a Declaration of Electronic Filing [#229] filed at 5:49 P.M.

**DISCUSSION**

As the Plaintiffs correctly note, this Court lacks jurisdiction to adjudicate the Motion because the Defendants have filed a notice of appeal.

"The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). "The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to matters involved in the appeal and divest the Bankruptcy Court of jurisdiction to proceed further with such matters." *In re Kendrick Equipment Corporation*, 60 B.R. 356, 358 (Bankr. W.D.Va. 1986) (citations omitted). "This is so because a bankruptcy judge does not have concurrent jurisdiction with the district court [or BAP] over the subject matter of an appeal....Once a notice of appeal is filed 'no lower court should be able to vacate or even modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.'... The rationale for this rule is the avoidance of confusion and waste of time that might result from putting the same issues before two courts at the same time." *In re Emergency Beacon Corporation*, 58 B.R. 399, 402 (S.D.N.Y. 1986). *See also In re Markarian*, 228 B.R. 34, 47 (1st Cir. B.A.P 1998) (quoting 9 Moore's Federal Practice, 2d ed., ¶ 203.11, pp.

734-36: "The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal.... Thus, after a notice of appeal is timely filed, the district court has no power to vacate the judgment, or to grant the appellant's motion to dismiss the action without prejudice, or to allow the filing of amended or supplemental pleadings. (Footnotes omitted.)").

**CONCLUSION**

For the reasons set forth herein, the Motion is DENIED.

*Joel B. Rosenthal*

Dated: September 8, 2009                  _____

                                            Joel B. Rosenthal
                                            United States Bankruptcy Judge