**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | CHAPTER 11 |
| 201 FOREST STREET LLC & | ) | |
| 219 FOREST STREET LLC | ) | CASE NOS. 07-42296-JBR |
| | ) | 07-41768-JBR |
| DEBTORS | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| 201 FOREST STREET LLC, | ) | |
| 201 FOREST STREET REALTY TRUST, | ) | |
| 219 FOREST STREET LLC, & | ) | |
| 219 FOREST STREET REALTY TRUST | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | AP. NO. 07-4097 |
| | ) | |
| LBM FINANCIAL LLC & | ) | |
| MARCELLO MALLEGNI, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**ORDER ON THE DEFENDANTS' MOTION FOR A STAY PENDING APPEAL AND
TO WAIVE OR REDUCE THE BOND REQUIREMENT**

This matter came before the Court on the Defendants' Motion for a Stay Pending Appeal

and to Waiver or Reduce the Bond Requirement [#231] and the Plaintiffs' Opposition thereto

[#252]. The Defendants also filed a Memorandum in Support of their Motion [# 232]; they did

not file any affidavits attesting to their financial ability or inability to post an appropriate bond.[1]

---

[1] Literally minutes before the Court signed this Order, the Defendants filed an ex parte Emergency Motion for Impoundment which sought impoundment of certain financial information. The Emergency Motion failed to conform with MLBR 9018-1 and has been denied. Even if the Court were to have allowed the Emergency Motion, as noted later in this Order, their

**BACKGROUND**

After a lengthy trial, the Court issued its Memorandum of Decision on June 30, 2009 [#185] in which it found that the Defendants had engaged in unfair and deceptive acts designed to benefit them at the expense of the Plaintiffs and specifically that the Defendants' actions were undertaken to allow the Defendants to gain control of the Plaintiffs' property.  After the parties filed their calculations of damages and responses thereto, the Court entered an order [#223] awarding damages of approximately $3,000,000, including trebled damages and attorneys' fees pursuant to M.G.L. c. 93A.

The Defendants filed an appeal and elected to have the appeal heard by the district court [#225 and #226].  Following their filing the notice of appeal, the Defendants sought a new trial [#228], which the Court denied for lack of jurisdiction [#250].

**POSITION OF THE PARTIES**

The Defendants argue that they are entitled to a stay or reduction or elimination of the bond requirement under the traditional four-prong test for granting or denying a preliminary injunction and cite Chief Judge Boroff's decisions in *Access Cardiosystems, Inc. V. Fincke (In re Access Cardiosystems, Inc.)*, 340 B.R. 656 (Bankr. D. Mass. 2006) and *In re Handel*, 242 B.R. 789 (Bankr. D. Mass. 1999).  Specifically they allege that there is a strong likelihood that the monetary award will be eliminated or reduced on appeal, that they will suffer irreparable harm if a stay is not granted or the bond at least substantially reduced, that the balance of the equities tilt toward staying the issuance of an execution or  at least substantially reducing the bond requirement, and no public interest would be adversely affected by granting the relief requested.

---

claims of financial hardship support compelling the filing of a supersedeas bond in order to protect the Plaintiffs.

Focusing primarily upon the alleged errors in awarding the monetary damages, the Defendants assert that the Plaintiffs only accrued but did not pay the various interest and fees which the Court awarded as treble damages under M.G.L.c. 93A.  They also argue that the Plaintiffs were not entitled to damages for a misapplied payment which the Court ordered to be correctly applied and the subsequent account history adjusted *ab initio.*  They attack the Court's finding that the Plaintiffs relied upon Mallegni's failure to disclose that he had purchased the Commerce Note prior to the execution of the December Note as clearly erroneous and challenge the conclusion that the Plaintiffs were harmed as a result of their reliance.  Calling the award "excessive," the Defendants allege that there is a strong likelihood that the award will be reduced to less than $100,000 on appeal.  Finally, without any evidentiary support, they claim that it will either be impossible for them to post a bond for a substantial portion of the current award or that posting such a bond will deplete the working capital needed to continue their businesses.

      The Plaintiffs focus their arguments on the requirement that a bond be posted as security for the judgment while the appeal is pending.  They assert that the standard for waiving the bond requirement, although not addressed by the First Circuit, is either the injunction standard cited by the Defendants or the test articulated by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988).  The *City of Chicago* test instructs that the Court consider "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment ...; (4) whether  the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money ...; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would

place other creditors of the defendant in an insecure position." *Id.* (Internal citations and quotation marks omitted).  The Plaintiffs claim, however, that the Defendants fail to satisfy either test because they provide no evidence of their financial conditions.  Moreover the Plaintiffs challenge each of the Defendants' assertions regarding the calculation of damages and set forth support for finding that the Plaintiffs actually paid the various interest and fees which formed the basis for the damage award.

**DISCUSSION**

*REQUEST FOR A STAY*

The requirements to obtain a stay of a money judgment are, according to the First Circuit, at least "arguably" the same as those for an injunction, namely the four factors cited by the Defendants.  *Acevedo-Garcia v. Vera-Monroig,* 296 F.3d 13, 17 n.4 (1st Cir. 2002).  "There is a difference of opinion as to whether each of the four factors must be satisfied or whether they may be balanced." *In re Miraj and Sons, Inc.*, 201 B.R. 23, 26 (Bankr. D. Mass.1996).  "The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits." ... . In essence, the issuance of a stay depends on whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]." *Acevedo-Garcia*, 296 F.3d at 16-17 (internal citations and quotation marks omitted).  Although the Court disagrees with the Defendants' view of their likelihood of success on the merits on appeal, their failure to offer any evidence to support the bald assertion that they cannot post an adequate bond or that the posting of such a bond will jeopardize their working capital is fatal to their request for a stay without a bond.  If their financial conditions are as fragile as the statement in the memorandum

suggests, then the harm to the Plaintiffs is great and outweighs the alleged but unsubstantiated harm to the Defendants.

*REQUEST TO WAIVE BOND OR REDUCE AMOUNT OF A BOND*

Fed. R. Civ. P. 62(d), made applicable by Fed. R. Bankr. P. 7062, enables an appellant to obtain a stay by posting a supersedeas bond. Although Rule 62(d) suggests the right to a stay is automatic upon the posting of a bond, *Acevedo-Garcia v. Vera-Monroig,* 296 F.3d 13, 17 (1st Cir. 2002), "the form, the amount, and the sufficiency of the bond generally are matters within the discretion of and for determination by the bankruptcy court." *In re Max Sugarman Funeral Home, Inc.*, 94 B.R. 16, 17 (Bankr. D.R.I.. 1988). In the instant proceeding, the Defendants have not presented either a proposed bond or even the form and amount of what they would proffer as a supersedeas bond. This Court will not offer an advisory opinion as to the form and amount of a bond when the Defendants have made no attempt to suggest anything. If the Defendants intend to post a bond to obtain a stay, the bond must be in a form and amount sufficient to ensure the collectibility of the judgment.

**CONCLUSION**

For the reasons set forth herein, the Motion is DENIED.

Dated: September 10 2009         _____
                                 Joel B. Rosenthal
                                 United States Bankruptcy Judge

5