# UNITIED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| In Re: | |
| 201 FOREST STREET, LLC | Case No. 07-42296 JBR |
| 219 FOREST STREET, LLC | Case No. 07-41768 JBR |
|  | Chapter 11 |
| Debtors | |
| 219 FOREST STREET, LLC, | |
| 219 FOREST STREET REALTY TRUST, | |
| 201 FOREST STREET, LLC, | |
| 201 FOREST STREET REALTY TRUST, | |
| Plaintiffs | |
| v. | Adversary Proceeding No. 07-04097 |
| LBM FINANCIAL, LLC and | |
| MARCELLO MALLEGNI | |
| Defendants | |

## APPELLANTS' JOINT STATEMENT OF ISSUES
## TO BE PRESENTED ON APPEAL

Pursuant to Federal Rules of Bankruptcy Procedure 8006, Appellants LBM Financial, LLC and Marcello Mallegni submit this Joint Statement of Issues to Be Presented on Appeal from the *Order on Objection of 201 Forest Street LLC to the Proof of Claim of LBM Financial LLC* entered on June 30, 2009, the *Order on (i) the Plaintiff's Counterclaims Against Defendants LBM Financial LLC and Marcello Mallegni and (ii) 219 Forest Street LLC's Objection to LBM Financial LLC's Proof of Claim* entered on June 30, 2009; the *Final Order* entered on August 21, 2009 and the related *Memorandum of Decision* entered on June 30, 2009.

1. Whether the Bankruptcy Court properly applied Massachusetts law in determining that in a transaction involving sophisticated parties, charges specified in promissory notes to arise upon default in payment constituted penalties and not valid agreements as to liquidated damages?

2. Whether, having determined that charges specified in promissory notes to arise upon default in payment constituted penalties, the Bankruptcy Court properly applied Massachusetts law in reducing by 50% the amount of late fees specified in the promissory notes and voiding the remaining charges in their entirety?

3.     Whether the Bankruptcy Court properly applied Massachusetts law in ruling that the 201 Forest debtor's claim to void its guaranty based on fraudulent inducement was subject to the six year contract statute of limitations under Massachusetts law?

4.     Whether there was sufficient evidence to support the Bankruptcy Court's determination that the 201 Forest debtor's claim to void its guaranty was not barred by the applicable statute of limitations, based upon application of the so-called discovery rule?

5.     Whether the Bankruptcy Court properly applied Massachusetts law in awarding judgment and damages to the 201 Forest debtor pursuant to Massachusetts G.L. c. 93A, § 11 based defendants' alleged fraudulent inducement to enter a guaranty which occurred more than four years before the debtor filed its claim?

6.     Whether the Bankruptcy Court properly applied Massachusetts law in awarding the 201 Forest debtor damages pursuant to Massachusetts G.L. c. 93A, § 11 in the amount of all costs and legal fees incurred by the debtor in filing for relief under the Bankruptcy Code?

7.     Whether the Bankruptcy Court erred in ruling that the debtors' 11 U.S.C. § 510(c) equitable subordination claims are not subject to any period of limitations?

8.     Whether the Bankruptcy Court improperly based his rulings that defendants violated Massachusetts G.L. c. 93A and breached the covenant of good faith and fair dealing upon irrelevant evidence as to events occurring outside the statute of limitations?

9.     Whether the Bankruptcy Court erred in determining to pierce the corporate veil in order to attribute the acts of Wolfpen, LLC to LBM Financial, LLC, where the debtor-plaintiffs' claims against Wolfpen had been dismissed at the outset of the litigation as outside the statute of limitations, the debtor-plaintiffs' pleadings did not assert a claim that the corporate veil separating LBM from Wolfpen should be pierced, and the parties did not litigate the issue of whether the status of LBM and Wolfpen as legally separate entities should be disregarded in order to hold LBM Financial responsible for the acts of Wolfpen?

10.    Whether, having determined that charges specified in promissory notes arising from payment defaults constituted penalties, the Bankruptcy Court properly applied Massachusetts law in awarding damages to the debtors pursuant to Massachusetts G.L. c. 93A in the amount of charges which accrued but were never actually paid by the borrowers?

12.    Whether, having granted the borrowers' claims for equitable relief from the charges specified in promissory notes arising from payment defaults by ordering all payments to be applied at the non-default rates prior to calculating the amounts remaining due to the defendant LBM under the promissory notes, the Bankruptcy Court properly applied Massachusetts law in awarding triple damages for charges accrued, but not applied, at the default rates?

11.    Whether, having awarded the borrowers damages in the amount of charges which accrued but were never actually paid by the borrowers, the Bankruptcy Court properly applied

Massachusetts law in awarding the borrowers damages pursuant to Massachusetts G.L. c. 93A of three times the amount of those unpaid charges?

12. Whether the Bankruptcy Court properly applied Massachusetts law in determining that the defendants knowingly and willfully violated Massachusetts G.L. c. 93A?

13. Whether the Bankruptcy Court properly applied Massachusetts law in determining that the individual defendant Marcello Mallegni was personally liable for the damages awarded to the plaintiff debtors pursuant to Massachusetts G.L. c. 93A?

14. Whether the Bankruptcy Court properly applied Massachusetts law in awarding the plaintiff debtors attorneys' fees pursuant to Massachusetts G.L. c. 93A in the amount of $577,729.50 for the entirety of the fees and expenses incurred in connection with the litigation of debtors' objections to LBM's proof of claims, as well as their twelve count complaint against the defendants, where only three of the counts sought relief pursuant to Massachusetts G.L. c. 93A, and the monetary awards made pursuant to c. 93A are based on clearly erroneous factual and legal determinations and are contrary to established Massachusetts precedents governing the award of damages pursuant to c. 93A?

15. Whether the Bankruptcy Court erred in taking judicial notice of evidence contained in the bankruptcy docket where the debtor-plaintiffs had not requested that he take judicial notice, and the defendants were not made aware that the ruling in the case would be based in part upon evidence acquired by judicial notice?

16. Whether the Bankruptcy Court erred in summarily denying the claim of defendant LBM for attorneys' fees and costs pursuant to the loan documents executed by the plaintiff debtors based upon defendant's failure to adduce evidence as to those charges during the trial of plaintiffs' adversary complaint, while at the same time affording the plaintiff 201 Forest Street debtor the opportunity after the conclusion of the trial to prove its alleged damages in the form of attorneys' fees costs and expenses incurred in filing for relief under Chapter 11?

Respectfully Submitted,
LBM FINANCIAL, LLC
MARCELLO MALLEGNI
By their attorneys,

/s/ Floyd H. Anderson
Floyd H. Anderson, BBO # 018240
Brecher, Weiner, Simons, Fox & Bolan, LLP
100 Wells Avenue
Newton, MA 02459
(617) 614-1500

Dated: September 10, 2009

3

# UNITIED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| 201 FOREST STREET, LLC ) | Case No. 07-42296 JBR |
| 219 FOREST STREET, LLC ) | Case No. 07-41768 JBR |
| ) | |
| ) | Chapter 11 |
| Debtors ) | |
| 219 FOREST STREET, LLC, ) | |
| 219 FOREST STREET REALTY TRUST, ) | |
| 201 FOREST STREET, LLC, ) | |
| 201 FOREST STREET REALTY TRUST, ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | Adversary Proceeding No. 07-04097 |
| ) | |
| LBM FINANCIAL, LLC and ) | |
| MARCELLO MALLEGNI ) | |
| ) | |
| Defendants ) | |

## CERTIFICATE OF SERVICE

I, Floyd H. Anderson, hereby certify that on September10, 2009 I served the Appellants' Joint Statement of Issues on Appeal by means of electronic notice or service under MLBR, EFR 9.

/s/ Floyd H. Anderson
Floyd H. Anderson, BBO # 018240
Brecher, Weiner, Simons, Fox & Bolan, LLP
100 Wells Avenue
Newton, MA 02459
(617) 614-1500

Dated: September 10, 2009